The Broadnest case has previously been submitted for decision by the Court. The final case on calendar for argument is Goens v. Adams & Associates Counsel. Is there anything about the Goens case that you'd like to enlighten us about? Well, the Goens case is a little bit different. We've talked a lot about different fact patterns, and so I just want to clarify for Mr. Goens' case that he was not a residential advisor, as many of these people were. He was a recreation specialist, so he had a different position. He was not a member of the union. Okay, so he alleged after he was rehired his employment was reduced to part-time, and his claims are after he informed Adams of his religious affiliation with the Nation of Islam. Is that his allegation? Yes, he does say that his hours were reduced and that his job did change. He's also one of the people who, with the rehire, states that he faced a termination, not a failure to hire. And so with his case, what we have is their allegation that there was a probationary period and that there was no reason, no link between his comments to someone at work about his religion and then the subsequent termination. And we would argue that since there was no discipline, there was no evidence of anything during that period of time, we believe that it's a pretext. Go ahead. There was a specific allegation that he was terminated on the last day of his probation, which means he could be terminated for any reason as long as it wasn't a reason that violated the law. Agreed? Agreed. Okay. So what do you have to show that it's related to his being?  Again, with his complaint, as the court has pointed out, there are allegations that he saw people with no experience getting managerial positions who were Caucasian. But not into his position as a recreational specialist. Correct? Not into his position, but also that he saw other employees being disciplined in a different manner, whether they were Caucasian or whether they were. But that's all he said was in a different manner. He didn't give any specifics as to what he saw with respect to any other employee. That is correct. But that is the reason why he believed that this was a pretext. He said he began to suspect that he was denied his position because of discriminatory reasons. But do you think that's specific enough? If you began to suspect discrimination? I believe employment cases are not like a lot of other cases. They're built in large part upon circumstantial evidence. And a lot of times, in my experience, with discovery, with determining what was in the paperwork for a termination decision, things of that nature. But if you're on the job every day and you're able to observe what's happening, you have more facts. Even if you don't give the name, you can say this employee was of such and such a race. They committed this infraction. And instead of being terminated, they were given a slap on the wrist for the exact same thing that I did. Something more specific. Or someone was hired. Or someone made disparaging comments about me being of a particular religion. And after that, I was treated differently. Just some meat in the complaint. Okay. Your Honor, in my experience, where there is a direct harassment, I'll put it in. Whether there are direct discriminatory statements being made by a supervisor or something of that nature. And that's not here in this case. But there has to be something specific. I practiced employment law for a number of years before I became a judge. I was on the other side of it. But there are specific allegations that are generally made in employment cases. Correct. And I would say that we met the standard that was required in this case. Anything else? That's all I have at this time, Your Honor. Thank you. Okay. Defense? Okay. Goins has a little more. Goins has a little more. Absolutely. I'm sorry. If you wanted to say your name again, I didn't. For the record, John Adams for the Apley Adams and Associates. All right. I jumped in. Goins has a little more. He has a little more. So why doesn't that create plausible rather than just possible? Well, there's a little more with Goins. But it's still almost entirely conclusory, and it's still lacking specific facts that push it across the line into the realm of plausible from merely possible. As noted, he alleged that he saw other employees being treated differently. It doesn't say if they were being treated better or worse. I mean, frankly, it could be either one based on the allegation that we have here. So that's simply not clear. Caucasian employees being put into management roles, again, not the role that he was seeking. Their lack of experience, alleged lack of experience, really is not probative of any of the claims in this case. He noticed, again, yeah, supervisors and managers were treating non-Caucasian employees differently than other employees, but doesn't say how. Noted that other employees who were not African-American were allowed to continue in their employment despite breaking policies or having disciplinary issues. Doesn't give us any detail about that. We don't know specifically what that means. It could be other minorities other than African-Americans who were not African-Americans. That's very unclear. He witnessed several hiring and termination decisions by Adams HR personnel that led him to believe that that person was falsifying claims against employees to reach predetermined outcomes regarding minority employment. That could very well be trying to get more minorities employed to meet certain requirements that the federal government mandates. It's, again, not clear exactly what that means. And then the fact that he received no warnings, wasn't giving notice of his issues, is not relevant or probative of anything. Well, it sometimes can be if the applicable procedures are deviated from and there is an indication or some specific allegations of discrimination. That can be one of the indicia of discrimination. I think that the larger point is many of these allegations, though conclusory, could be sufficient if there was sufficient specific factual detail included with it. There simply was not. And that's why the district court found that there was not a plausible claim for relief stated here. And also, I think, why the district court didn't give leave to amend in this second motion to dismiss because it had become clear that no more detail could be provided. As the panel noted, it's been almost six years. Do you remember what Judge Nunley said he needed to do on the Gowans case? I'm sorry? Do you remember what Judge Nunley told counsel for appellants what he needed to do on the Gowans case? I don't know that I remember the specifics, but it was provide specific factual details, draw a connection between these alleged things you say you saw with other employees, alleged facts to connect them to your own employment situation because, as alleged now, it's not clear that there is any connection. Did Judge Nunley go through case by case on each one of these and point out what needed to be changed, or did he do it globally? No. For every order dismissing each of the complaints, he went through each of the claims, claim by claim, noted why they were deficient, cited examples of other cases that listed allegations that were found to be sufficient, and noted that those examples such as those were not present in the pleading and went through and did that for every claim. And, like I said, it was quite detailed. Quite uncomfortable for you? I have to be honest. I was not thrilled reading the order because I felt like literally it's a road map for amendment. A road map that wasn't followed. Correct. That's all I have unless there are any other questions. Thank you, counsel. Thank you. Any rebuttal? No. All right. Well, thank you to both counsel for your arguments in these cases. The cases you just argued have been submitted for decision by the court, and we are in recess until 9.30 a.m. tomorrow morning. All rise.
judges: Rawlinson, Callahan, Bolton